# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

KATIE A. KELP,

        Plaintiff,

v.                                  Case No. 18-1103-JWB

B & B LUMBER CO. INC.,

        Defendant.

## MEMORANDUM AND ORDER

This case comes before the court on Defendant B&B Lumber Co.'s motion to dismiss or, in the alternative, motion for more definite statement (Doc. 17). The motion has been fully briefed and is ripe for decision. (Docs. 18, 24, 36.) Defendant's motion is DENIED for the reasons stated herein.

    **I.**     **Facts[1]**

Defendant specializes in home remodeling and has several locations in Kansas. On July 20, 2015, Plaintiff was hired by Mike Baalmann, Defendant's Vice President and one of Defendant's owners. Plaintiff's position involved inside sales in one of Defendant's showrooms. In Plaintiff's first year of employment, Baalmann made numerous attempts to pursue a sexual relationship with Plaintiff. Plaintiff rejected the attempts. In the fall of 2016, Plaintiff "submitted to Baalmann's ever more pressing advancements and had sex with him." (Doc. 13 at 3.)

---

[1] The facts are taken from the allegations in the amended complaint. At the motion to dismiss stage, the court assumes that all of the allegations in the amended complaint are true. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56, 127 S. Ct. 1955, 1965, 167 L. Ed. 2d 929 (2007).

Plaintiff alleges that she attempted to stop the sexual relationship but "Baalmann just would not stand for it. Baalmann knew that his sexual conquest of the plaintiff was unwelcome, but continued it anyway because he was an owner of the company and knew that Ms. Kelp needed the job." (*Id.*) Baalmann's conduct interfered with Plaintiff's work. Baalmann also sent Plaintiff inappropriate text messages. Baalmann instructed Plaintiff to lie about any "harassment" in the event she was asked. (Doc. 13 at 4.)

In November 2017, Baalmann's wife allegedly learned about the relationship and called Thomas Baalmann, Baalmann's cousin and President of the company, to demand that Plaintiff be terminated. On December 4, Plaintiff and Baalmann got into a "huge fight" when Plaintiff told Baalmann that she would no longer continue the relationship. Plaintiff asked permission to take the rest of the day off. Baalmann approved her request. Plaintiff returned to work on December 5. However, Plaintiff was terminated on December 6. Defendant claimed that the termination was due to Plaintiff leaving work without permission on December 4.

Plaintiff contends that Defendant's reason for termination was false and that the termination was to remove Plaintiff due to Baalmann's sexual harassment and discrimination. Plaintiff brings this action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000 ("Title VII") and the Kansas Act Against Discrimination, K.S.A. 44-1009 ("KAAD"). Defendant moves to dismiss on the basis that Plaintiff's amended complaint fails to state a claim or, in the alternative, moves for a more definite statement.

**II.    Motion to Dismiss Standards**

In order to withstand a motion to dismiss for failure to state a claim, a complaint must contain enough allegations of fact to state a claim to relief that is plausible on its face. *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S.

544, 127 S. Ct. 1955, 1974 (2007)). All well-pleaded facts and the reasonable inferences derived from those facts are viewed in the light most favorable to Plaintiff. *Archuleta v. Wagner*, 523 F.3d 1278, 1283 (10th Cir. 2008). Conclusory allegations, however, have no bearing upon the court's consideration. *Shero v. City of Grove, Okla.*, 510 F.3d 1196, 1200 (10th Cir. 2007). Rule 12(b)(6) "does not require that Plaintiff establish a prima facie case in her complaint, but rather requires only that the Plaintiff allege enough factual allegations in the complaint to set forth a plausible claim." *Pueblo of Jemez v. United States*, 790 F.3d 1143, 1171–72 (10th Cir. 2015) (internal citations omitted). In the end, the issue is not whether Plaintiff will ultimately prevail, but whether Plaintiff is entitled to offer evidence to support her claims. *Beedle v. Wilson*, 422 F.3d 1059, 1063 (10th Cir. 2005).

**III. Analysis**

**a. Failure to State a Claim**

Defendant contends that Plaintiff's amended complaint fails to support a plausible Title VII or KAAD claim.[2] Viewing the allegations in a light most favorable to Plaintiff, the court finds that Plaintiff's amended complaint states claims of sexual harassment and sex discrimination.

**1. Sexual Harassment**

A claim of sexual harassment usually takes one of two forms, quid pro quo or hostile work environment. *Jones v. Needham*, 856 F.3d 1284, 1291 (10th Cir. 2017). The Supreme Court, however, "has cautioned that they are not wholly distinct claims." *Id.* (citing *Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742, 754, 118 S. Ct. 2257, 141 L.Ed.2d 633 (1998).

> Rather, they are shorthand descriptors to delineate different ways in which sexual harassment can occur. In the first, the tangible employment action that results from a

---

[2] As the same standards apply to Title VII and KAAD, the court will refer to Title VII in discussing Plaintiff's claims. *See Swackhammer v. Sprint/United Mgmt.*, 493 F.3d 1160, 1174 n. 7 (10th Cir. 2007).

refusal to submit to a supervisor's demands "itself constitutes a change in the terms and conditions of employment that is actionable under Title VII." *Id.* In the second, it is the "severe or pervasive" conduct that effectively alters the conditions of employment so as to violate Title VII. *See id.; Pinkerton v. Colo. Dep't of Transp.*, 563 F.3d 1052, 1058 (10th Cir. 2009). Both factual scenarios lead to the same place: sexual harassment that violates Title VII's proscription against sex discrimination in the workplace. *See Gregory v. Daly*, 243 F.3d 687, 698–99 (2d Cir. 2001). Though the descriptors matter a great deal insofar as they reveal what elements are needed to prove the specific claim of sexual harassment, *see Ellerth*, 524 U.S. at 752–54, 118 S. Ct. 2257, they are not so unrelated that the facts of the two scenarios could not overlap….

*Id.*

The allegations set forth in the amended complaint touch on both hostile work environment and quid pro quo and do appear to overlap. Plaintiff has sufficiently stated a claim of sexual harassment under either theory. In order to establish sexual harassment due to hostile work environment, Plaintiff "must show (1) that she was discriminated against because of her sex; and (2) that the discrimination was sufficiently severe or pervasive such that it altered the terms or conditions of her employment and created an abusive working environment." *Macias v. Sw. Cheese Co., LLC*, 624 F. App'x 628, 635 (10th Cir. 2015). Defendant contends that Plaintiff's allegations do not sufficiently allege that the harassment was sufficiently severe as the relationship was consensual, Plaintiff has only alleged two different text messages and the harassment did not alter the terms or conditions of employment.

At this stage, the court must view the allegations in a light most favorable to Plaintiff. Plaintiff alleges that the conduct was unwelcome and that it interfered with her work. Plaintiff also alleges that Baalmann sent inappropriate text messages to Plaintiff while she was working. Baalmann continued to press Plaintiff while she was working. The court finds that these allegations are sufficient to state a claim of sexual harassment due to hostile work environment.

The allegations also state a claim of quid pro quo sexual harassment. To prove sexual harassment under this theory, Plaintiff must prove that a refusal to submit to a supervisor's

demands constituted a change in the terms and conditions of employment. *Jones*, 856 F.3d at 1291. "The gravamen of a quid pro quo sexual harassment claim is that tangible job benefits are conditioned on an employee's submission to conduct of a sexual nature and that adverse job consequences result from the employee's refusal to submit to the conduct." *Pinkerton v. Colorado Dep't of Transp.*, 563 F.3d 1052, 1060 (10th Cir. 2009) (citing *Hicks v. Gates Rubber Co.*, 833 F.2d 1406, 1413–14 (10th Cir. 1987)). Defendant contends that Plaintiff's allegations are not sufficient to state a claim because the allegations state that she was fired due to Baalmann's wife reporting the affair to Defendant.[3] Plaintiff claims that her refusal to continue the sexual relationship resulted in her termination. (Doc. 24 at 1.)

Reviewing the amended complaint, Plaintiff alleges that Baalmann and Plaintiff had a huge fight after she refused to continue the relationship. Baalmann then gave Plaintiff permission to take the afternoon off. Plaintiff, however, was allegedly disciplined and terminated for being absent that afternoon. As Plaintiff's amended complaint has sufficiently alleged disciplinary action following her refusal to engage in a sexual relationship, Plaintiff has stated a claim for quid pro quo sexual harassment. *See Macias*, 624 F. App'x at 639 (disciplinary actions can provide a causal nexus between harassment and employment action).

### 2. Sex Discrimination

Plaintiff also asserts that she has stated a claim of discrimination because of her sex. To state a prima facie case of gender discrimination, Plaintiff must show that she: "(1) belongs to a protected class; (2) was qualified for her position; (3) was discharged despite her qualifications; and (4) was terminated under circumstances which give rise to an inference of unlawful

---

[3] Defendant also contends that Plaintiff has not alleged that Baalmann had authority to alter the conditions of her employment. (Doc. 18 at 6-7.) In the amended complaint, Plaintiff has made allegations that Baalmann is an owner of the company, hired her, and promised to take care of her position. At this stage of the proceedings, these allegations are sufficient to support an inference that he had authority to alter her conditions of employment.

discrimination." *Swackhammer v. Sprint/United Mgmt. Co.*, 493 F.3d 1160, 1166 (10th Cir. 2007). Plaintiff's allegations in her amended complaint state a claim of sex discrimination. Plaintiff is a female, she was qualified for her position and performing well at the time of her discharge. Plaintiff has also sufficiently alleged that her termination gives rise to an inference of unlawful discrimination in that Plaintiff has alleged that she was terminated due to the sexual relationship while Baalmann, a male, was not disciplined. *See Budenz v. Sprint Spectrum, L.P.*, 230 F. Supp. 2d 1261, 1273 (D. Kan. 2002) (inference of discrimination when there is evidence of difference of treatment based on gender).

Therefore, Plaintiff has sufficiently stated a claim of sex discrimination.

**b. More Definite Statement**

Finally, Defendant moves for a more definite statement under Rule 12(e). Defendant seeks an order requiring Plaintiff to list out the elements and name each claim.

> A party may move for a more definite statement of any pleading that is "so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading." Fed. R. Civ. P. 12(e). Motions for a more definite statement are generally disfavored in light of liberal discovery available under the federal rules and are granted only when a party is unable to determine the issues requiring a response. *Resolution Trust Corp. v. Thomas*, 837 F. Supp. 354, 355 (D. Kan. 1993). A motion for more definite statement should not be granted merely because the pleading lacks detail; rather, the standard to be applied is whether the claims alleged are sufficiently specific to enable a responsive pleading in the form of a denial or admission.

*Shaffer v. Eden*, 209 F.R.D. 460, 464 (D. Kan. 2002).

As discussed, Plaintiff's amended complaint sufficiently states claims of sexual harassment and sex discrimination. The allegations in the amended complaint are not so vague or ambiguous that Defendant cannot respond. Moreover, although labels and elements may be helpful to Defendant, they are not required under Rule 8. "There is no requirement that a pleading list elements of claims asserted, make legal conclusions about claims asserted, or label

the asserted claims." *Mechler v. United States*, No. 12-1183-EFM-GLR, 2012 WL 5289627, at *3 (D. Kan. Oct. 23, 2012).

Plaintiff's amended complaint is sufficient to withstand dismissal under Rule 12(b)(6) and is sufficiently specific to enable Defendant to respond. Plaintiff has identified the statutes at issue and alleged claims of both sexual harassment and sex discrimination. Defendant's motion for a more definite statement is denied.

### IV. Conclusion

Defendant's motion to dismiss (Doc. 17) is DENIED. Plaintiff's motion for hearing on the motion to dismiss (Doc. 25) is DENIED as MOOT.

IT IS SO ORDERED this 13th day of August, 2018.

_s/ John W. Broomes_____<br>
JOHN W. BROOMES<br>
UNITED STATES DISTRICT JUDGE